UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYANNA UMEKA SPIKES, | No. 2:24-cv-0046 DAD DB PS |
| Plaintiff, | |
| v. | ORDER AND <br> FINDINGS AND RECOMMENDATIONS |
| NEWREZ LLC, F/K/A NEW PENNFINANCIAL, LLC D/B/A SHELLPOINT, et al., | |
| Defendants. | |

      Plaintiff Ayanna Umeka Spikes is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On January 12, 2024, defendants McCarthy & Holthus, LPP, and Melissa Robbins Coutts filed a motion to dismiss, which is noticed for hearing before the undersigned on March 29, 2024, pursuant to Local Rule 302(c)(21). (ECF Nos. 4 & 5.) Pursuant to Local Rule 230(c) plaintiff was to file an opposition or a statement of non-opposition to defendants' motion not less "than fourteen (14) days after the motion was filed." Plaintiff, however, failed to file a timely opposition or statement of non-opposition to the motion.

      Accordingly, on February 15, 2024, the undersigned issued an order to show cause, ordering plaintiff to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution, as well as ordering plaintiff to file a statement of opposition

1

or non-opposition to defendant's motion on or before March 15, 2024.  (ECF No. 5.)  Plaintiff was warned that the failure to timely comply with that order could result in a recommendation that this case be dismissed.  (Id. at 2.)  The time provided plaintiff has passed and plaintiff has not responded to the February 15, 2024 order.

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, plaintiff has failed to oppose defendants' motion to dismiss and failed to comply with the February 15, 2024 order.  Plaintiff was warned that the failure to file a written response to that order could result in a recommendation that this matter be dismissed.  In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an

impossibility.  The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' January 12, 2024 motion to dismiss (ECF No. 4) is denied without prejudice as having been rendered moot[1]; and

2,  The March 29, 2024 hearing of defendants' motion is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's complaint (ECF No. 1) be dismissed without prejudice; and

2.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 26, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\spikes0046.dlop.f&rs

---

[1] In the event the assigned District Judge does not adopt these findings and recommendations, defendants may re-notice the motion for hearing before the undersigned.